11-3748-cv
Davis-Molinia v. Port Authority of N.Y. and N.J.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of  November, two thousand twelve.

Present:
        JOHN M. WALKER,
        PETER W. HALL,
        ROBERT A. KATZMANN,
                *Circuit Judges*.

───────────────────────────────────────────────

ELAINE B. DAVIS-MOLINIA, RALPH A. MOLINIA,

        *Plaintiffs-Appellants*,

                v.                                                      No.  11-3748-cv

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ROBERT DURANDO, THERESA TESLER, OLGA KRUEGER, VICTORIA CROSS KELLY, INTERNATIONAL UNION OF JOURNEYMEN AND ALLIED TRADES, LOCAL 111S, PORT AUTHORITY OPERATIONS SUPERVISORS ASSOCIATION, JAMES KEMBLE,

        *Defendants-Appellees*.[*]

───────────────────────────────────────────────

─────────────────

        [*] The Clerk of the Court is directed to amend the caption as noted.

For Plaintiffs-Appellants:                                    JAHA C. SMITH, Bronx, N.Y.

For Defendants-Appellees
Port Authority of New York and New Jersey,
Robert Durando, Theresa Tesler,
Olga Krueger, and Victoria Cross:                    MEGAN LEE (James M. Begley, *on the brief*), The Port Authority of New York and New Jersey, New York, N.Y.

For Defendants-Appellees
International Union of Journeymen
and Allied Trades, Local Union 111S,
Port Authority Operations Supervisors
Association, and James Kemble:                    RICHARD P. GALLER, The Law Office of Richard P. Galler, LLC, Hackensack, N.J.


Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Elaine B. Davis-Molinia and Ralph A. Molinia, a married

interracial couple, brought this discrimination action against their former employer, the Port

Authority of New York and New Jersey (the "Port Authority"), and several of its individual

employees[1] (collectively, the "Port Authority Defendants"). Plaintiffs asserted claims against

the Port Authority Defendants for disparate treatment, hostile work environment, and retaliation

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiffs also asserted

claims for race discrimination and unfair representation against the United Service Workers

Union-International Union of Journeymen and Allied Trades, Local Union 111S, Port Authority

---

[1] The individual employees named in the complaint were Robert Durando, Theresa Tesler, Olga Krueger, and Victoria Cross Kelly.

2

Operations Supervisors Association (the "Union"), and James Kemble, a Port Authority employee and the former chairman of the Union (collectively, the "Union Defendants"). In an August 19, 2011 Memorandum Decision and Order, the United States District Court for the Southern District of New York (Daniels, *J.*) granted summary judgment in favor of the defendants and dismissed plaintiffs' complaint in its entirety. Plaintiffs now appeal from that portion of the district court's Memorandum Decision and Order dismissing plaintiffs' claims against the Union Defendants and their claims against the Port Authority for racial discrimination and hostile work environment.[2] We assume the parties' familiarity with the facts and procedural history of this case, as well as the issues on appeal.

We review an award of summary judgment *de novo*, *see El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010), and we will affirm only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). Having reviewed the record *de novo*, we affirm for substantially the reasons stated in the district court's thorough and well-reasoned opinion. *See Davis-Molinia v. Port Auth. of N.Y. & N.J.*, No. 08 CV 7584, 2011 U.S. Dist. LEXIS 93868 (S.D.N.Y. Aug. 19, 2011). Briefly stated, summary judgment was appropriate because, among other reasons, plaintiffs failed to adduce evidence sufficient to create a genuine issue of material fact as to whether (1) the Port Authority's legitimate, non-discriminatory reasons for denying plaintiffs "shift differential" pay were a pretext for discrimination, *see Leibowitz v. Cornell Univ.*, 584 F.3d 487, 499 (2d Cir. 2009); (2) the Port Authority's purported conduct created an environment

---

[2] Plaintiffs do not appeal the dismissal of their claims against the individual Port Authority defendants or their retaliation claims against the Port Authority.

3

that a reasonable person would find hostile or abusive because of plaintiffs' membership in a protected class, *see Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007); or (3) the Union breached its duty of fair representation, *see Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1153-54 (2d Cir. 1994).

Having considered all of plaintiffs' arguments and finding them to be without merit, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK